# IN THE COURT OF APPEALS OF IOWA

No. 14-1405
Filed July 22, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAYSHAWN D. COLE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

Rayshawn Cole appeals the judgment and sentence entered following his guilty plea to burglary in the first degree, theft in the second degree, and possession of marijuana. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Kelly G. Cunningham, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Rayshawn Cole appeals the judgment and sentence entered following his guilty plea to burglary in the first degree, theft in the second degree, and possession of marijuana. Cole contends his trial counsel was ineffective in allowing him to enter a guilty plea and thereby failing to preserve the issues raised in his motion to suppress. We affirm.

**I.** ***Background Facts and Proceedings***

Following an armed home invasion and robbery by Rayshawn Cole and four others, the State filed a trial information charging Cole with seven different criminal offenses. Cole filed a motion to suppress, challenging the stop of the vehicle he was riding in immediately after the robbery and the "show up" identification procedure implemented by the police with the victim at the scene of the stop. Following a hearing, the district court entered a ruling denying Cole's motion to suppress, concluding (1) the stopping officer had reasonable suspicion to stop the vehicle, and (2) although the identification process was impermissibly suggestive, it did not violate Cole's due process rights.

Cole eventually pled guilty to burglary in the first degree, in violation of Iowa Code 703.1, and 703.2, 713.1, 713.3(1)(b) or (c), and 713.3(2) (2013); theft in the second degree, in violation of sections 703.1, and 703.2, 714.1(1), and 714.2(2); and possession of marijuana, second offense, in violation of sections 124.401(5), 124.204(4)(m), and 703.1. Following a hearing, the district court accepted Cole's plea, entered judgment, and dismissed Cole's remaining four charges (per Cole's plea agreement with the State). The court sentenced Cole to serve a term of imprisonment not to exceed twenty-five years for the burglary

charge, five years for the theft charge, and two years for the possession charge, all to run concurrently.

Cole appeals, contending his trial counsel was ineffective in allowing him to plead guilty rather than request a trial on the minutes in order to preserve his claims on appeal relating to his motion to suppress. According to Cole, "Had those issues been preserved the court would have reversed because the district court erred by denying the motion to suppress."

## II.     *Standard of Review*

We review ineffective-assistance-of-counsel claims de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on such a claim, Cole must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See id.*

## III.     *Discussion*

To address Cole's ineffective-assistance-of-counsel claim, we begin by considering if the claim would have been meritorious had it been raised by trial counsel, because counsel does not provide ineffective assistance if the underlying claim is meritless. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015). In other words, counsel has no duty to engage in an exercise in futility. "If, however, an underlying claim has merit, we must determine whether the failure to make the claim amounted to a breach of duty and whether the defendant was prejudiced by the breach."[1]     *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

[1] Here, as the State aptly points out, Cole "fails to make the necessary allegation that counsel's failure to advise [him] on the issue of the motion to suppress induced [him] to

The following evidence can be gleaned from the record. At approximately 10:25 p.m. on March 24, 2014, Davenport police officers responded to a home to investigate a home invasion/robbery. One of the victims, Joseph Goodman, reported he and a friend, Montro Howard ("E.J."), were at Goodman's home preparing to smoke some marijuana they had purchased when there was a knock at the door. Goodman answered, and four masked assailants—one with a gun—came in and ordered him to "get down on the ground." The assailants took cash, marijuana, a money box, and some PlayStation accessories and games before fleeing in a "dark-colored sedan." Goodman described the assailants as wearing "dark clothing," and with one as having "unique" shoes—"gray, white, and red Nike high tops."

Within a few minutes, other officers located a vehicle nearby that was "very similar" to the description of the suspects' vehicle. The officers decided to follow the vehicle and noticed it accelerated away from them. Based on the location of the vehicle (less than ten blocks away from Goodman's home), the similarity of the vehicle to the vehicle described by dispatch (a dark-colored sedan), and the manner in which the vehicle was accelerating from stop signs, the officers decided to perform an investigatory stop. When they activated the emergency lights, the vehicle pulled over and two passengers exited and fled.

---

plead guilty" and that "had counsel advised [him] of the strength or weakness in the suppression claim that [he] would not have pled guilty and instead would have chosen to go to trial." Such a claim is fundamental to prove the prejudice prong of Cole's claim. Specifically, to demonstrate prejudice in the guilty plea context, Cole must show that but for counsel's alleged breach, he would not have pled guilty and would have elected to stand trial. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). Although we could affirm on the basis that Cole has failed to advance how he was prejudiced by counsel's alleged failure to perform an essential duty, *see Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (stating a claim of ineffective assistance of counsel fails if either element is lacking), we elect to proceed the merits of his underlying claim.

One officer chased the fleeing passengers while the other stayed with the three individuals remaining in the vehicle. One of the passengers in the vehicle was Cole. Cole was wearing dark blue jeans, a black hooded sweatshirt, and gray, white, and red Nike high tops. In the vehicle, officers discovered a money box, marijuana, and a pill bottle belonging to another person at Goodman's home at the time of the robbery.

After securing the scene of the traffic stop (approximately thirty minutes after the crime had occurred), an officer brought Goodman from the scene of the crime to see if he could identify any of the individuals in the vehicle. Goodman observed the three individuals, one at a time, from his vantage point in the squad car. Goodman identified Montro as his friend "E.J." who had been a guest at his home when the invasion occurred. Goodman was unable to identify Willie McNeal as an assailant. Goodman was able to identify the final individual, Cole, due to his zip-up sweatshirt and his "unique" Nike high-tops. Goodman was "sure" Cole was one of the assailants—specifically, the one who pointed the gun at him. With these facts in mind, we turn to Cole's claims.

*A. The Stop.* Cole claims the fact that the vehicle "was in the neighborhood and accelerated away from stop signs" did not give the officers reasonable suspicion to stop the vehicle. Cole states the police did not observe a traffic violation, they could not see the people in the car, and the car was not the same model[2] of car that was described by the victims.

---

[2] The vehicle was described as possibly a Dodge Intrepid; the vehicle stopped was a Pontiac Grand Am. One of the officers testified an Intrepid and a Grand Am looked "very similar" in appearance.

The State must demonstrate the stopping officer had a reasonable suspicion criminal activity was occurring or had occurred to justify stopping Cole's vehicle. *See State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). The stopping officer must have specific and articulable facts that, along with rational inferences, demonstrate that he or she reasonably believed criminal activity was occurring or imminent. *State v. Vance*, 790 N.W.2d 775, 781 (Iowa 2010). Reasonable suspicion is determined by an objective standard: whether a reasonable person would deem the officer's actions appropriate given the totality of the circumstances confronting the officer at the time of the stop. *See State v. Kreps*, 650 N.W.2d 636, 641-42 (Iowa 2002). Unparticularized suspicion is not an acceptable reason for a stop. *Id.* at 641.

In ruling on this issue in Cole's motion to suppress, the district court stated:

> In the present case, Officer Antle noticed the suspect's vehicle travelling in close proximity to the scene of the crime. The crime had been reported only minutes before. The vehicle closely matched the description of the vehicle that the suspects were reported to have been driving. The vehicle accelerated quickly away from multiple stop signs (the act of accelerating away quickly is not alleged to be a crime to justify the stop). The Court finds the testimony of Officer Antle credible in all regards.[3] The Court finds that these factors constituted reasonable cause for Officer Antle to conduct an investigatory stop.

Considering the totality of the circumstances, we conclude the officers had reasonable suspicion criminal activity was afoot in order to conduct an investigatory stop, and an appeal on the district court's denial of Cole's motion to

---

[3] In examining Cole's claim we are to independently evaluate the totality of the circumstances as shown by the entire record, and we give considerable deference to the district court's findings regarding the credibility of witnesses. *See Tague*, 676 N.W.2d at 201.

suppress would have been unsuccessful. Because trial counsel could not provide ineffective assistance where the underlying claim is meritless, Cole's ineffective-assistance-of-counsel claim on this ground fails. *See Halverson*, 857 N.W.2d at 635.

*B. The Identification Process.* Cole contends the "show-up" following the robbery, in which Goodman identified him, was impermissibly suggestive and violated his due process rights.

"It is generally conceded that one-on-one confrontations or 'show-ups' between an accused and an eyewitness are inherently suggestive." *State v. Jackson*, 387 N.W.2d 623, 631 (Iowa Ct. App. 1986). "However, the Iowa Supreme Court has recognized that 'on-the-scene identification procedures, held shortly after the crime, are not violative of due process unless the confrontation is *unnecessarily* suggestive.'" *Id.* (quoting *State v. Salazar*, 213 N.W.2d 490, 493-94 (Iowa 1973)).

In ruling on this issue in Cole's motion to suppress, the district court stated:

> In this case, the first part of the analysis is whether the identification process was impermissibly suggestive. The Court finds the identification process was impermissibly suggestive. The Court then turns to the second part of the analysis. Goodman had ample opportunity during the home invasion to witness the person who was holding a gun. Goodman was able to describe what the assailant was wearing. Since Goodman was eventually ordered to the ground, it is reasonable that he would have an excellent opportunity to view the footwear of the assailant. It is also reasonable to expect that Goodman would be paying a high degree of attention to the assailant based on the threat the assailant posed to Goodman and his family and friends. The fact that the assailant was holding a gun would draw Goodman's attention to the assailant. Goodman described the assailants as wearing dark clothing and hooded sweatshirts. Goodman also described,

specifically, that one of the assailants was wearing a pair of gray, red and white Nike high-tops. Goodman had provided this information to Officer Cockshoot before he was transported to the scene to try and identify the occupants of the car. Goodman candidly told Officer Fury that he was unable to state with any certainty whether Willie McNeal was or was not an assailant. Goodman identified Montro Howard as his friend E.J. who had been a guest at his home at the time of the home invasion. Finally, Goodman was able to tell Officer Fury that he could identify the high-tops and the zipped sweatshirt that were worn by Rayshawn Cole as the same sweatshirt and high-tops that were worn by an assailant in this matter. The identification process took place only 30 minutes after the crime had occurred. Under this analysis, the Court finds that the identification process did not violate the defendant's due process rights.

Considering the totality of the circumstances, we conclude the presence of the officers was a "usual and necessary element in the ordinary identification confrontation," and the fact that Cole was handcuffed is not sufficient to support a claim of suggestiveness. *See Jackson*, 387 N.W.2d at 631. Although these elements are suggestive, they are not so unnecessarily suggestive that they violated Cole's due process rights. *See Salazar*, 213 N.W.2d at 493-95 (holding "show-up" was not unnecessarily suggestive when suspects were in handcuffs, were in the presence of twelve officers, and were placed against a squad car for identification one hour after robbery occurred); *Jackson*, 387 N.W.2d at 630-32 (holding "show-up" was not unnecessarily suggestive when suspect was handcuffed, placed in police car, described as someone thought to be involved in a robbery, and brought to gas station for identification fifteen to twenty minutes following the robbery). Moreover, under these circumstances, the procedure did not give rise to a "very substantial likelihood of irreparable misidentification." *State v. Mark*, 286 N.W.2d 396, 405 (Iowa 1979); *see also Salazar*, 213 N.W.2d at 495 (noting such prompt on-the-scene identifications promote fairness by

assuring reliability); *Jackson*, 387 N.W.2d at 632 (same). Again, because trial counsel could not provide ineffective assistance where the underlying claim is meritless, Cole's ineffective-assistance-of-counsel claim fails. *See Halverson*, 857 N.W.2d at 635.

### IV. Conclusion

Upon consideration of the issues raised on appeal, we affirm Cole's judgment and sentence for burglary in the first degree, theft in the second degree, and possession of marijuana.

**AFFIRMED.**